UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

FEB 2 4 2005

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

| | |
|---|---|
| ROBERT BARRERA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. |
| | § 5:04-CV-097-C |
| | § |
| JO ANNE B. BARNHART, | § |
| Commissioner of Social Security, | § |
| | § |
| Defendant. | § |

**REPORT AND RECOMMENDATION**

Plaintiff Robert Barrera seeks judicial review of a decision of the Commissioner of Social Security, denying his applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment.

**I.    Statement of the Case**

Barrera filed applications for DIB and SSI when he was 40 years old alleging that he could no longer work because of post-polio syndrome and diabetes. (Tr. 30, 151, 160.) He claimed that he suffered from conditions caused by his post-polio syndrome, including nerve damage in his left arm and hand, in his right leg, his right eye, and lower back. (Tr. 30, 47.) Barrera claimed that these conditions limited his ability to hold and lift objects, caused him to experience loss of balance when walking and back pain when bending. He also indicated that he experienced difficulty performing tasks that require fine manipulation. For example, he claimed that it was difficult for him to button his shirts and pants and to tie his shoelaces. (Tr. 48.) He also claimed that he had several surgeries

on his right eye and his left and right arm in attempts to repair nerve damage. In regard to his eye problems, he claimed that he was limited in his ability to drive a car and read a newspaper. (*Id.*) He testified that he sees with double vision when he wears glasses and that he is assigned a restricted driver's license because of his vision problems. (Tr. 174-75.)

An Administrative Law Judge (ALJ) denied Barrera's applications for benefits based on his determinations that Barrera retained the Residual Functional Capacity (RFC) to perform sedentary work activity and that the Medical Vocational Guidelines ("the Grids") directed a finding that he was not disabled. (Tr. 15.) The ALJ's decision was dated May 9, 2003.[1] On June 24, 2003, Barrera requested review from the Appeals Council and, thereafter, submitted a Physical Residual Functional Capacity Questionnaire that he obtained from his treating physician, Ted Thos Pridmore, M.D. (Tr. 3A, 130-34.) The questionnaire contains Dr. Pridmore's diagnoses of Barrera's conditions and his opinions regarding Barrera's limitations and ability to perform work related tasks. Of significance is Dr. Pridmore's opinion regarding Barrera's ability to use his left hand. He stated that Barrera could never use his left hand for activities that required fine manipulation, that he was significantly limited in reaching, handling, and fingering with his left hand, and that he could use his left hand only 5 percent of an 8-hour day doing things such as grasping, turning, and twisting objects. (Tr. 133.) In addition, Dr. Pridmore believed that Barrera would need a job that permitted him to shift positions at will from sitting, standing, or walking and that he would be absent about three days per month as a result of his medical conditions. (Tr. 132-33.)

---

[1] Although not the basis for the decision in this case, Barrera provided the court with documents from the Social Security Administration which informed him of his entitlement to benefits under a subsequent application. In that case the Commissioner determined that Barrera became disabled on May 10, 2003, just one day after the ALJ's May 9, 2003, adverse decision.

2

The Appeals Council indicated that it considered the report from Dr. Pridmore but determined, without explanation, that the evidence did not provide a basis for changing the ALJ's decision. (Tr. 3-4.)

Barrera contests the Commissioner's ultimate finding of disability, arguing that substantial evidence does not support the ALJ's finding that he retained the RFC to perform sedentary work and that the ALJ erred in applying the Grids to support his decision. He also argues that the Appeals Council failed to adequately evaluate Dr. Pridmore's opinion and that remand is warranted for further consideration of the opinion. In the alternative, Barrera seeks remand for the consideration of new medical evidence that he did not submit in the administrative proceedings.

## II.     Discussion

### A.     *Remand is not authorized for consideration of new evidence*

The court is not authorized to remand this case for the consideration of the new evidence Barrera submitted for the first time to this court. The new evidence he submits consists of a "Post Poliomyelitis Medical Assessment Form" completed by Morteza Shattery, M.D., on June 29, 2004, four months after the Appeals Council denied review (*See* Tr. 3-5; Pls. Br. Ex. B.) The form contains Dr. Shattery's assessment of Barrera's medical conditions, the effects and limitations caused by those conditions, and the impact his related symptoms would have on his ability to work.

A court may remand a claimant's case for the Commissioner to consider additional evidence only upon the claimant's showing that the evidence is (1) new, (2) material, and (3) there was good cause for failing to incorporate the evidence into the record in a prior proceeding. 42 U.S.C. § 405(g) (2004); *Leggett v. Chater*, 67 F.3d 558, 567 (5th Cir. 1995). The evidence from Dr. Shattery is certainly new because it was generated over one year after the ALJ rendered his

decision and months after the Appeals Council denied review. *See Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989). Further, the evidence may relate to the period for which benefits were denied and, thus, it may be material. *See id.* However, Barrera has failed to show good cause for his failure to obtain and incorporate the evidence in a proceeding before the Commissioner. The fact that evidence is of recent origin or was recently obtained does not alleviate a claimant from meeting the statutory requirement of showing good cause. *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). Because Barrera failed to meet the requisite showing of good cause, it would be inappropriate for the court to remand his case for the consideration of Dr. Shattery's opinion. *See id.*

  B. *Remand is authorized for the re-consideration of evidence presented to the Appeals Council*

The Commissioner's regulations direct that the Appeals Council will consider all evidence that was considered by the ALJ as well as any new and material evidence the claimant may wish to submit with his request for review. 20 C.F.R. § 404. 976(b) (2004). The Appeals Council received Dr. Pridmore's report into the record but found that the report did not provide evidence that would change the ALJ's decision. There is no discussion or analysis of Dr. Pridmore's report in the notice of review sent to Barrera by the Appeals Council. Rather, the document merely informs Barrera of the following: "In looking at your case, we considered the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 3-4.)

Citing precedent from the Fifth Circuit Court of Appeals, Barrera argues that the Appeals Council was under an affirmative duty to do more than provide a "perfunctory adhere[nce]" to the ALJ's decision; it was obligated to specifically address Dr. Pridmore's report.

4

Barrera's argument has merit. In *Epps v. Harris*, 624 F.2d 1267 (5th Cir. 1980), the claimant submitted new evidence to the Appeals Council with his request for review. As in this case, the Appeals Council accepted the evidence and acknowledged it, but in the words of the court, "did not adequately evaluate it" but had "perfunctorily adhered to the decision of the hearing examiner." *Id.* at 1273. The court held that the Appeals Council's inadequate evaluation of the additional evidence deprived the Commissioner's final decision of substantial evidence and, although remand was required for the resolution of other issues, that the Appeals Council's inadequate review would alone necessitate remand.[2] *Id.*

The court followed *Epps* in *Smith v. Schweiker*, 646 F.2d 1075 (5th Cir. 1981), again stressing that the Appeals Council was obligated to consider the record as a whole, including new evidence submitted after the ALJ's decision. *See id.* at 1082. The issue in *Smith* was whether the Commissioner's decision to terminate the claimant's benefits was supported by substantial evidence; the court found that it was not and remanded for further administrative proceedings. *Id.* at 1083. Remand was based on the court's finding that the ALJ's decision was unsupported by substantial evidence because he erred in weighing physician opinion. The court also determined that the Appeals Council had erred in approving the ALJ's decision, partly because it failed to consider new evidence submitted by the claimant after the ALJ issued his decision. *Id.* at 1082.

The remand orders in *Epps* and *Smith* were grounded on findings that the Commissioner's decision was unsupported by substantial evidence. Although the court did not

---

[2] In full, the court stated: "Although the Appeals Council acknowledged that Epps had submitted new evidence, it did not adequately evaluate it. Rather, it perfunctorily adhered to the decision of the hearing examiner. This failure alone makes us unable to hold that the Secretary's findings are supported by substantial evidence and requires us to remand this case for a determination of Epps' disability eligibility reached on the total record. *Epps*, 624 F.2d at 1273 (citing *Mann v. Gardner*, 380 F.2d 182, 187 (5th Cir. 1967)).

remand either case solely on its review of the Appeals Council's decision, the court in *Epps* did state that the Appeals Council's failure to adequately evaluate the new evidence it received would alone provide grounds for remand. *Epps*, 624 F.2d at 1273.

Despite the holdings in *Smith* and *Epps*, the Commissioner argues that this court does not have jurisdiction to review the Appeals Council's denial of Barrera's request for review. She argues that because the Appeals Council denied Barrera's request for review, the ALJ's decision became the final decision and, thus, it is that decision and the record before the ALJ rather than that before the Appeals Council that this court is authorized to review.

Congress has authorized that "after any final decision of the Commissioner of Social Security . . . [a claimant] may obtain a review . . . in the district court of the United States in which the plaintiff resides . . . ." 42 U.S.C. § 405(g). The Commissioner's regulations direct that "[t]he Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is reversed." 20 C.F.R. § 404.981. Reading the foregoing statute and regulation together could lead to the conclusion that in cases in which the Appeals Council denies a claimant's request for review, the ALJ's decision is the Commissioner's final decision, and in such a case, it is only that decision that a district court is authorized to review. It would follow from such a conclusion that in this case, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied review and that the court is therefore limited to review of the ALJ's decision.

The Fifth Circuit Court of Appeals has not affirmatively adopted this approach, however, and notwithstanding its decisions in *Epps* and *Smith*, the court indicated that it has not addressed the issue:

6

> We have not decided the question whether new evidence presented to the Appeals Council for its decision on whether to review the ALJ's ruling on the merits but not presented to the ALJ is part of the record for the district court to review when the Appeals Council did not consider the ALJ's ruling on the merits.

*Masterson v. Barnhart*, 309 F.3d 267, 274 n.3 (5th Cir. 2002). The court also noted a split of authority among the circuits regarding the question but refused to address the question because the parties did not brief the issue. *Id.* However, the Dallas Division of the Northern District did address the issue recently in *Rodriguez v. Barnhart*, 252 F. Supp 2d. 329 (5th Cir. 2003).

In *Rodriguez*, the court was faced with determining whether in a review for substantial evidence a court can review new evidence submitted by the claimant for the first time to the Appeals Council. *Id.* at 332. The court acknowledged the question presented by 42 U.S.C. § 405(g) and 20 C.F.R. § 404.981 and cited *Masterson*, also acknowledging that the Fifth Circuit Court of Appeals had not addressed the question. *Id.* The court also noted and discussed the split of authority among other circuits on the issue.[3] *Id.* (citations omitted). After analyzing the two lines of authority, the court chose to follow those circuits which hold that reviewing courts should consider, as part of the record, new evidence submitted to the Appeals Council when reviewing an ALJ's decision for substantial evidence. *Id.* at 335-36. In taking this approach, the court reasoned that because the Commissioner's regulations permit a claimant to introduce new and material evidence to the Appeals Council and require the Appeals Council to consider such evidence in determining whether substantial evidence supports the ALJ's decision, the evidence becomes part

---

[3] The courts of appeals for the Second, Fourth, Eighth, Ninth, and Tenth Circuits hold that a district court should consider new evidence submitted to the Appeals Council in cases in which review was denied while the courts of appeals for the Third, Sixth, Seventh, and Eleventh Circuits hold that district courts should not review such evidence. *See Rodriguez*, 252 F. Supp. 2d. at 332-34; *see also Masterson*, 309 F.3d at 274 n.3.

of the administrative record and, thus, is subject to review by the district court. *Id.* at 335 (citing 20 C.F.R. § 404.970(b)).

The approach of the court in *Rodriguez* is an equitable approach previously approved by the district court in the Lubbock Division. *See Cauble v. Massanari*, No. CIV.A.5:01CV108-C, 2001 WL 1338391, at *3 (N.D. Tex. Oct. 18, 2001). In *Cauble*, the ALJ applied the Grids to determine that the claimant was not disabled. *Id.* at *3. The evidence submitted to the Appeals Council consisted of a psychological evaluation indicating that the claimant suffered from depression and personality disorder. Because these disorders established that the claimant suffered from non-exertional impairments, it was error to apply the Grids to determine whether the claimant was disabled. *See id.*; *see also Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999) (holding that application of the Grid rules is appropriate only when the claimant suffers only exertional impairments or non-exertional impairments that do not significantly affect his RFC.) Although the ALJ did not have the new psychological report, the Appeals Court did have the report and, in light of that report, erred in affirming the ALJ's decision. *See Cauble*, 2001 WL 1338391 at * 3.

The facts in this case mirror those in *Cauble*. The report Barrera submitted to the Appeals Council precludes exclusive reliance on the Grids because it demonstrates that he has non-exertional impairments. (Tr. 133.) Specifically, Barrera is limited in the ability to perform a broad range of tasks with his left hand, including tasks that require fine manipulation; thus, he will have difficulty performing the manipulative functions of some work. 20 C.F.R. § 404.1569a(c). In light of this evidence, the Commissioner's final decision of non-disability was reached in error.

The Commissioner's failure to apply the correct legal standards or to provide the reviewing court with a sufficient basis to determine that the correct legal principles were followed

8

is grounds for reversal. *Bowen v. Heckler*, 748 F.2d 629, 635 (5th Cir. 1984) (quoting *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)). Dr. Pridmore's report became part of the record when the Appeals Council accepted it and denied review. *Rodriguez*, 252 F. Supp. 2d. at 335. A review of the entire record, including Dr. Pridmore's report, establishes that the Commissioner's finding of non-disability, which was predicated on the Grids, was reached in error. *Crowley*, 197 F.3d at 199. Therefore, remand is necessary.[4]

The Commissioner's evaluation of Dr. Pridmore's opinion may alter the prior RFC finding and will require reliance upon the testimony of a vocational expert rather than the Grids. Therefore, Barrera's remaining points of error are not addressed in this Report and Recommendation.

### III. Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court reverse the Commissioner's decision and remand Barrera's case for further administrative proceedings consistent with the foregoing discussion. In addition, the Commissioner should apply Social Security Ruling 03-1p when reconsidering Barrera's claims. Ruling 03-1p provides guidance for the evaluation of postpolio sequelae in claims for DIB and SSI and was not published until July 2, 2003, after the ALJ issued his decision. Therefore, the Commissioner's consideration of the ruling will be appropriate.

### IV. Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within 10 days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court.

---

[4] Because this case should be remanded for the consideration of Dr. Pridmore's opinion, Barrera may supplement the record with additional relevant evidence, which may include the report from Dr. Shattery. *Frith v. Celebreze*, 333 F.2d 557, 560 (5th Cir. 1964); *see also* 20 C.F.R. § 404.983; *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1985).

A party's failure to file written objections within 10 days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: February 24, 2005.

NANCY M. KOENIG
United States Magistrate Judge